IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 16-2820 |
| | : | |
| v. | : | |
| | : | |
| KAREEM CAMERON | : | CRIMINAL ACTION NO. 14-633-01 |

**MEMORANDUM**

**Padova, J.**                                                                   December 14, 2016

Before the Court is Kareem Cameron's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Cameron asks that we vacate his sentence of 50 months' imprisonment. For the following reasons, we deny the § 2255 Motion.[1]

**I. BACKGROUND**

On April 30, 2015, Cameron entered an open plea of guilty to Counts I through VI of Indictment No. 14-633, which charged him with one count of conspiracy to use the United States mails and wire transmissions in interstate commerce to further a scheme to defraud, in violation of 18 U.S.C. § 371 (Count I); one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count II); and four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts III -

---

[1] Cameron has also filed a motion for the appointment of counsel to represent him in connection with the instant § 2255 Motion. "There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by 28 U.S.C. § 2254(d) (citations omitted). However, we may appoint counsel for a financially eligible person who is seeking relief under § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 2255(g). Consequently, we may appoint counsel "where a *pro se* prisoner in a habeas action has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." Jones v. Bickell, Civ. A. No. 13-1008, 2014 WL 2547788, at *12 (E.D. Pa. June 6, 2014) (citing Reese, 946 F.3d at 263-64). In making our determination, we consider "whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court." Id. (citing Reese, 946 F.2d at 263–64). We have considered these factors and conclude that Cameron's claims are frivolous, the factual and legal issues before us are not complex, and the appointment of counsel would not benefit Cameron or the court. Cameron's request for appointment of counsel is, accordingly, denied.

VI). The charges against Cameron arose from his involvement with his wife in mail and wire fraud committed using eBay and the Rolex Forum, an internet site for the sale of Rolex watches. Indictment No. 14-633 states that the conspiracy charged in Count I lasted from April 2011 until January 2012; the mail fraud charged in Count II occurred from April 2011 through May 2011; and the wire fraud charged in Counts III through VI took place from April 2011 through December 2011. The Presentence Investigation Report ("PSI") states that Cameron also engaged in similar conduct between February 20, 2009 and August 18, 2010, in connection with the sale of seven watches.[2] (PSI ¶ 18.)

    Cameron was sentenced on September 30, 2015. He had a Total Offense Level of 13 and a Criminal History Category of VI, which resulted in an advisory Guidelines Sentencing Range of 33 to 41 months of imprisonment. (9/30/15 Hr'g Tr. at 9.)   After reviewing the sentencing factors listed in 18 U.S.C. § 3553(a), we concluded that a sentence within the advisory Guidelines Sentencing Range would be insufficient. We were particularly concerned with the nature and circumstances of the offense, as Cameron had been involved in a significant and very complex conspiracy with his wife that "took advantage of several innocent citizens who sought to make purchases through eBay using PayPal accounts[;]" and with Cameron's extensive criminal history, beginning when he was 20 years old, which included many previous offenses involving dishonesty and fraud. (Id. at 9, 13.) We were also concerned that a Guidelines sentence would not provide adequate private deterrence since Cameron had continued to commit crimes, including the instant offenses, after serving a 44 month sentence of imprisonment for conspiracy to commit wire fraud, using false information and identification to commit fraud, and escape, for which he had been sentenced in October 2002. (Id. at 15; PSI ¶ 52.) We sentenced

---

[2]We adopted the Presentence Investigation Report, as amended, as our findings of fact and conclusions of law for Cameron's sentencing. (See 9/30/15 Hr'g Tr. at 5-6, 9.)

Cameron to 50 months of imprisonment on each of Counts I through VI, to be served concurrently; three years of supervised release on each of Counts I through VI, to be served concurrently; restitution in the amount of $105,075.00; and a special assessment of $600.00. (9/30/15 Hr'g Tr. at 33-36.)

On October 13, 2015, Cameron appealed his sentence to the United States Court of Appeals for the Third Circuit. On May 24, 2016, Cameron withdrew his appeal. He subsequently filed the instant § 2255 Motion, in which he challenges his counsel's effectiveness with respect to both his sentencing and his appeal. The § 2255 Motion asserts the following five grounds for relief: (1) his attorney rendered ineffective assistance at sentencing by failing to object when the Assistant United States Attorney ("AUSA") misstated the charges on which he was being held when he escaped from custody; (2) his attorney rendered ineffective assistance at sentencing by failing to object to a misstatement by the Court regarding when he escaped from custody; (3) his attorney rendered ineffective assistance at sentencing by failing to object when the Court referred to his 2009 conduct; (4) his attorney rendered ineffective assistance at sentencing by failing to object to the AUSA's characterization of his criminal history; and (5) his attorney rendered ineffective assistance on appeal by failing to raise on appeal the argument described in his second ground for relief.

**II.   LEGAL STANDARD**

Cameron has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255(a). "'Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors.'" United States v. Perkins, Crim. A. No. 03-303, Civ. A. No. 07-3371, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001)). In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (stating that "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" (alterations in original) (quoting Davis v. United States, 417 U.S. 333, 346 (1974))).

Cameron's claims are all based on the alleged ineffective assistance of his attorney, who represented him in connection with both his sentencing and his appeal. In order to prevail on a claim for ineffective assistance of counsel, a criminal defendant must demonstrate both that (1) his attorney's performance was deficient, *i.e.*, that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by his attorney's performance. Strickland v. Washington, 466 U.S. 668, 687–88, 690-92 (1984). Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Consequently, counsel cannot be found to be ineffective for failing to pursue a meritless claim. See United States v. Sanders, 165 F.3d 248,

253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (citations omitted)); see also Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).

## III. DISCUSSION

### A. Failure to Object to Misstatements

Cameron claims that his attorney rendered ineffective assistance at sentencing by failing to object to misstatements made by both the AUSA and the Court regarding his escape from federal custody. In 2001, Cameron was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343, and to use of false identification and information to commit fraud, in violation of 18 U.S.C. § 1028(a)(7), all in violation of 18 U.S.C. § 371. The charges against Cameron arose from his preparation of fraudulent documents which were provided to mortgage lenders for the purposes of deceiving and misleading the lenders into making loans that they would not otherwise have made. (Gov't Ex. D, Ex. F at 1-2.) At the time that the complaint and warrant were issued with respect to those charges, Cameron was being held in federal custody at the Seymour Johnson Air Force Base, where he was serving a 13-month sentence for violation of his supervised release in connection with an unrelated federal conviction. (Gov't Ex. F at 2; PSI ¶¶ 51-52.) On September 12, 2001, when a federal agent went to the Seymour Johnson Air Force Base to serve Cameron with the warrant, it was discovered that Cameron had escaped. (Id.) Cameron later pled guilty to the conspiracy and the escape. In October 2002, he was sentence to a term of imprisonment of 44 months for these offenses.

During Cameron's September 30, 2015 Sentencing Hearing in the instant matter, the AUSA made a mistake in her recitation of Cameron's criminal history, stating that Cameron was being held on wire fraud charges at the time of his 2001 escape. (9/30/15 Hr'g Tr. at 14-15.)

However, as we recited above, Cameron was not being held on wire fraud charges at the time of his escape, rather, he was serving a sentence for violating his supervised release. (PSI ¶ 52.) Cameron argues that his attorney rendered ineffective assistance by failing to object to this misstatement, which he asserts was highly prejudicial. However, the prejudice to Cameron from the AUSA's description of his criminal history did not arise from the nature of the charges on which he was being held at the time he escaped, but from the fact that he escaped from federal custody and served a 44-month term of imprisonment.[3] Consequently, there was no reason for Cameron's attorney to object. We conclude, accordingly, that Cameron has failed to establish that his attorney's failure to object to the AUSA's misstatement was unreasonable under prevailing professional standards and that he was prejudiced by his attorney's failure to object. See Strickland, 466 U.S. at 687–88.

Cameron also claims that his attorney rendered ineffective assistance by failing to object to a misstatement made by the Court regarding the timing of Cameron's escape from federal custody vis a vis his 44-month sentence. After hearing the arguments of counsel during the Sentencing Hearing, we stated that Cameron's criminal history, particularly the fact of his continuing recidivism, required an upward variance from the sentencing range provided by the Sentencing Guidelines. (9/30/15 Hr'g Tr. at 32.) We expressed particular concern that Cameron had continued to commit criminal offenses, including fraudulent conduct, after serving a 44-month sentence. (Id.) However, we mistakenly referred to Cameron's escape offense as having taken place after he served the 44-month sentence when, as we have explained above, Cameron was sentenced to the 44-month term of imprisonment for offenses that included his escape. (Id.)

---

[3]In addition, the Probation Officer, who was present at Cameron's Sentencing Hearing, corrected the AUSA with respect to mistakes that she had made referring to the timing of Cameron's 44-month sentence and directed the Court to paragraph 52 of the Presentence Investigation Report, which contains the correct information. (9/30/15 Hr'g Tr. at 15.)

Cameron's attorney did not object to this misstatement. However, this misstatement was not part of the basis for our upward departure. Rather, we departed upward because Cameron had an extensive criminal history, including an escape from federal custody, and because he continued to commit crimes involving fraudulent acts after he served that 44-month sentence of imprisonment.[4] Consequently, we conclude that this misstatement was immaterial and there was no reason for Cameron's attorney to object to it. We further conclude, accordingly, that Cameron has failed to establish that his attorney's failure to object to our misstatement regarding the timing of his escape from federal custody was unreasonable under prevailing professional standards and that he was prejudiced by his attorney's failure to object. See Strickland, 466 U.S. at 687–88. We consequently deny the § 2255 Motion with respect to Cameron's first two grounds for relief.

B.  The 2009 Conduct

Cameron contends that his attorney was ineffective in failing to object to our summary of Cameron's criminal history, in which we noted that Cameron engaged in criminal conduct in 2006 and 2007 and stated that "[t]he conduct in this case began in 2009, so [the] sentence of 44 months it seems to me didn't make any impression at all with respect to this defendant." (9/30/15 Hr'g Tr. at 15.) Cameron asserts that the Court's statement regarding the 2009 conduct was incorrect, because Indictment No. 14-633 charged him only with conduct that occurred in 2011 and 2012, and because he was held responsible at Sentencing only for the loss arising from

---

[4]In addition to Cameron's conduct in the instant offenses, he was twice convicted of crimes committed while he was under supervision following his release from custody for the 44-month sentence. In September 2006, he committed possession of a forged instrument, for which he was convicted in February 2008; and in September 2007, he committed theft by unlawful taking, theft by deception, receiving stolen property, and use of a counterfeit access device, for which he was convicted in May 2008. (PSI ¶¶ 53-54.)

his 2011 and 2012 conduct. However, as we discussed earlier, paragraph 18 of the PSI states that Cameron engaged in similar fraudulent conduct between February 20, 2009 and August 18, 2010, in connection with the sale of seven watches. (PSI ¶ 18.) Cameron did not object to paragraph 18 of the PSI and we adopted it as one of our findings of fact in connection with his sentencing. (9/30/15 Hr'g Tr. at 9.) We thus conclude that our reference to Cameron's 2009 conduct was not an error and that Cameron's attorney had no basis for objecting to it. We further conclude, accordingly, that Cameron has failed to establish that his attorney rendered ineffective assistance for failing to object to our reference to his 2009 conduct. See Sanders, 165 F.3d at 253 ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (citations omitted)). We therefore deny the § 2255 Motion with respect to Cameron's third ground for relief.

      C.      Cameron's Criminal History

Cameron asserts that his attorney rendered ineffective assistance by failing to object to the following statement made by the AUSA regarding his criminal history:

> [I]n my almost a decade with the office Mr. Cameron has one of the worst . . . criminal history records I have ever seen. The thing that sticks out to me with his record is that these offenses increased in their scale, increased in their sophistication over the years and these weren't the [in]discretions of a young man. His criminal history and his propensity to commit fraud offenses only increased through the years.

(9/30/15 Hr'g Tr. at 14.) Cameron maintains that the AUSA's characterization of his criminal history was incorrect and that his attorney should have argued that most of his prior convictions were for non-violent crimes that occurred in 1992, when he was 26 years old, homeless and addicted to drugs. He also asserts that his attorney should have argued that most of his prior convictions were for misdemeanors or petty thefts.

Although Cameron's attorney did not specifically use the word "objection" with respect to the AUSA's statement, she did argue that the AUSA's characterization of Cameron's criminal history was incorrect. Indeed, she argued that, while Cameron has a lengthy criminal history, "they are all non-violent offenses and many of them are fairly petty fraud offenses. Some of these are $500 checks, $600 checks. Many of them occurred when he was in his 20s." (Id. at 17-18.) Cameron's attorney also pointed out that he ceased his criminal activity of his own accord in 2012, prior to his arrest in this case. (Id.) Cameron's attorney thus actually did make the arguments that Cameron claims she was ineffective for failing to make. We conclude, accordingly, that Cameron has not established that his attorney's response to the AUSA's characterization of his criminal history was unreasonable under prevailing professional standards and that he was prejudiced by his attorney's response. See Strickland, 466 U.S. at 687–88. We further conclude that Cameron has failed to establish that his attorney rendered ineffective assistance for failing to object the AUSA's characterization of his criminal history. We therefore deny the § 2255 Motion with respect to Cameron's fourth ground for relief.

D.   Appeal

Cameron argued on appeal that his sentence was substantively unreasonable because the Court lacked sufficient justification to impose an above Guidelines sentence and because his sentence was greater than necessary. Cameron argues that his attorney nonetheless rendered ineffective assistance on appeal because she failed to raise on appeal his assertion that he was prejudiced by this Court's statement that he escaped from prison after having been sentenced to 44 months of imprisonment. We have concluded that Cameron's attorney was not ineffective for failing to object to our statement that Cameron was sentenced to a 44-month term of imprisonment prior to his escape because our decision to upwardly depart from the advisory

Guidelines Sentencing range was not based on the timing of Cameron's escape vis a vis his 44-month sentence. Consequently, we also conclude that Cameron has not established that his attorney was ineffective for failing to argue on appeal that our upward departure from the advisory Guidelines Sentencing range was based on an incorrect belief that he escaped from prison after being sentenced to a 44-month term of imprisonment. See Sanders, 165 F.3d at 253. We therefore deny the § 2255 Motion with respect to Cameron's fifth ground for relief.

## IV.     CONCLUSION

For the foregoing reasons, Cameron's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied in its entirety. We conclude that Cameron has failed to make a substantial showing of the denial of a constitutional right and, consequently, that there is no basis for the issuance of a certificate of appealability. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.